IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

BRIAN SCHWAB                                                                                    PLAINTIFF

VS.                                    CASE NO. 4:11-cv-11 BSM

BOARD OF TRUSTEES OF THE
UNIVERSITY OF ARKANSAS, et al.                                              DEFENDANTS

PLAINTIFF'S SUPPLEMETNAL STATEMENT OF MATERIAL FACTS IN DISPUTE

Comes the Plaintiff, Brian Schwab, D.O., by and through his attorneys, Chisenhall, Nestrud & Julian, P.A., and for his Statement of Material Facts in Dispute, states:

1. Whether Dr. Schwab made his disability known to Defendants. Dr. Schwab disclosed his ADHD and that he took Adderall for the condition in a medical history form he completed and provided to the Anesthesiology residency program director's office when he first entered the program. (Ex. 6, Schwab Depo. At 43). The medical history form was destroyed by Defendants. (Ex. 2, Clardy Depo. At 24).

2. Whether Dr. Schwab made a request for reasonable accommodation. Having disclosed his ADHD to his program director's office, Dr. Schwab requested help from Dr. Jaffar during his VA surgical rotation (Declaration of Dr. Jaffar, Defs. Ex. C; Dr. Schwab notes from meeting, Ex. 10). Defendants failed to enter into an interactive process at that point. There is dispute regarding whether Dr. Schwab's request for help was sufficient to trigger the obligations for Defendants to begin the interactive process at that mid-January 2010 meeting.

3. Whether Defendants failed to meet their requirement to attempt in good faith to provide reasonable accommodations (Schwab Depo. at 43, Ex. 6; Grievance Hearing Transcript

at 8, Ex. 2). There is no dispute that Dr. Schwab made his disability known and complained that the program director's office had not provided reasonable accommodations. Defendants still did not enter into an interactive process to provide reasonable accommodations. (Defs. Ex. C, Doc. # 13-2; Defs. Ex. D-10, Doc. # 13-3). The fact that Defendants failed to initiate an interactive process after Dr. Schwab's termination was reversed creates a factual dispute as to whether they were operating in good faith in providing reasonable accommodations. Based upon the facts regarding Dr. Schwab's multiple attempts to obtain reasonable accommodations, which Defendants were aware of accommodations they could offer but failed or refused to offer them, and the fact that they promised a response by close of business July 22, 2010, and failed to so provide, whether they were operating in bad faith is in dispute.

4.      Whether there is a causal connection between Dr. Schwab's exercise of protected rights and adverse actions is in dispute. Dr. Schwab contends that once he made a request for help under the ADA/Rehabilitation Act, adverse actions were taken against him, particularly that he was required to extend his residency term by four months, not given credit for months he had completed, had his offer for a PGY-2 contract year withdrawn, and told he was not an option to continue in the program after PGY-1. (Dr. Schwab letter dated July 26, Defs. Ex. D-10; D. Hoggard letter dated July 2, Defs. Ex. E-6). These facts coupled with the close temporal proximity provide a sufficient nexus for an inference that retaliation was a motivating cause.

5.      Whether Dr. Schwab was provided with pre-termination process due him and whether the post-termination process regarding his reinstatement process was sufficient. (Schwab Depo., Ex. 6 at 36-43, 60-62 and 73).

6.     Whether Defendants violated clearly established laws and acted unreasonably is disputed.  Defendants knew, or should have known of Dr. Schwab's disability and it was obvious that he needed an accommodation.  (Declaration of Dr. Jaffar, Defs. Ex. C; Schwab Depo. at 43, Ex. 6, Grievance Transcript Hearing at 8, Ex. 2).  They failed to enter into an interactive process which was their legal duty.  That failure deprived Dr. Schwab of his clearly established rights under the ADA/Rehabilitation Act, deprived him of his property interests without due process, and deprived him of his right to be free from illegal retaliation.

Respectfully submitted,

**Attorney for Plaintiff**

BY:   /s/ Denise Reid Hoggard
DENISE REID HOGGARD
Chisenhall, Nestrud & Julian, P.A.
400 West Capitol, Suite 2840
Little Rock, AR 72201
(501)372-5800
(501)372-4941 (Facsimile)
dhoggard@cnjlaw.com

**CERTIFICATE OF SERVICE**

I, Denise Reid Hoggard, do hereby certify that a true and correct copy of the above and foregoing pleading has been served upon all parties, via the Court's ECF System, on this 1st day of June, 2012:

Mark A. Hagemeier
Associate General Counsel
University of Arkansas System, UAMS
4301 W. Markham, Slot #860
Little Rock, AR  72205

/s/ Denise Reid Hoggard
Denise Reid Hoggard